CINDY LAURA BOYER,[1] Petitioner Below-Appellant,
v.
CLIFF V. BOYER, Respondent Below-Appellee.
No. 534, 2009.
Supreme Court of Delaware.
Submitted: March 12, 2010.
Decided: May 18, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 18th day of May 2010, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, Cindy Boyer ("Mother"), filed this appeal from a judgment of the Family Court, dated August 18, 2009. The Family Court's order denied three separate rule to show cause petitions and also denied Mother's petition to modify custody. Having reviewed the parties' respective contentions and the record below, we find no error in the Family Court's findings and conclusions. Accordingly, the Family Court's judgment shall be affirmed.
(2) The parties were divorced in August 2009. They have three children, a daughter and two sons,[2] who were eleven, eight, and three at the time of the Family Court hearing. The record reflects that the parties entered into an agreement regarding custody and visitation on June 6, 2008. The agreement, which became a Family Court judgment, provided the parties with joint custody and shared residential placement. The placement schedule was crafted around the parties' respective work schedules. In February 2009, the Family Court entered an order redefining the shared placement schedule to alternate the children between Mother's and Father's home every other week. In January 2009, Mother filed a petition to modify custody, requesting that the Family Court grant her primary residential placement of the children. The Family Court held a hearing on Mother's petition to modify custody on August 18, 2009.[3] At the end of the hearing, the judge announced his decision denying Mother's petition.
(3) While Mother enumerates five issues in her opening brief on appeal,[4] all of her arguments relate to Father's credibility and the Family Court's refusal to weigh certain evidence and testimony in her favor. Our standard of review of a decision of the Family Court extends to a review of the facts and law, as well as inferences and deductions made by the trial judge.[5] We have the duty to review the sufficiency of the evidence and to test the propriety of the findings.[6] Findings of fact will not be disturbed on appeal unless they are determined to be clearly erroneous.[7] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[8]
(4) Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child. The criteria for determining the best interests of the child are set forth in Section 722 of Title 13 of the Delaware Code.[9] The criteria in Section 722 must be balanced in accordance with the factual circumstances presented to the Family Court in each case. As this Court has noted, the weight given to one factor or combination of factors will be different in any given proceeding.[10]
(5) In this case, the Family Court enumerated all of the factors set forth in Section 722 and recounted testimony from the hearing relative to each factor. The trial judge found both parties to be suitable parents with suitable homes. The Family Court noted that both parties had received counseling in the past, both had consent protection from abuse orders entered against them, and neither had any significant criminal history. Thus, the Family Court did not find these factors to weigh in favor of either party. The factors that the Family Court found to weigh in favor of maintaining shared residential placement were the children's adjustment to their schedule and their homes, the relationship with their parents and others living in their respective households, and the expressed wishes of the children.
(6) Specifically, the trial judge noted that he had interviewed the two older children and both expressed a desire to continue sharing their time between Mother's and Father's households. The Family Court also found that the children enjoyed very close relationships with the children of Father's tenant, who rented the top floor of the house where Father lived with the children. Moreover, granting Mother primary residential placement would require the parties' older son to change schools and also would require the children to live full-time in a three bedroom apartment shared by six people. Father, on the other hand, continues to share the former marital home with the children, and the children have the opportunity there to spend time with their friends and play outdoors.
(7) The factual findings of the trial judge are amply supported by the record, and we find no basis to disturb those findings on appeal. Moreover, the Family Court properly applied the law to the facts in concluding that modifying residential placement was not in the children's best interests.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] It is undisputed that Father is not the biological father of the parties' older son, although the child was born during the course of the parties' marriage.
[3] The Family Court also considered, and denied, the parties' respective rule to show cause petitions at the August 2009 hearing. While Mother mentions this fact in her opening brief, she raises no argument and requests no relief with respect to these rulings. Accordingly, the Court deems any issues regarding those petitions to be waived. See Murphy v. State, 632 A.2d 1150, 1151 (Del. 1993) (failure to raise legal issue in the text of the opening brief generally constitutes a waiver of the claim on appeal).
[4] Mother's enumerated arguments are as follows: (i) Father continues to refuse to abide by court orders; (ii) Father committed perjury; (iii) the Family Court refuses to acknowledge Father's "drug use and sale;" (iv) the judge's decision shows no concern about Mother's and Mother's witnesses' testimony about Father's actions; and (v) "the timing in which [Father's] documents were filed."
[5] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[6] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[7] Mundy v. Devon, 906 A.2d 750, 752 (Del. 2006).
[8] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d at 1204.
[9] Section 722(a) provides:

The Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. In determining the best interests of the child, the Court shall consider all relevant factors including:
(1) The wishes of the child's parent or parents as to his or her custody and residential arrangements;
(2) The wishes of the child as to his or her custodians(s) and residential arrangements;
(3) The interaction and interrelationship of the child with his or her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, any other residents of the household or persons who may significantly affect the child's best interests;
(4) The child's adjustment to his or her home, school and community;
(5) The mental and physical health of all individuals involved;
(6) Past and present compliance by both parents with their rights and responsibilities to their child under § 701 of this title; and
(7) Evidence of domestic violence as provided for in Chapter 7A of this title.
[10] Fisher v. Fisher, 691 A.2d 619, 623 (Del. 1997).